# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Emile Bouari,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>United States of America, et al.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01974-RFB-DJA<br><br>**Order** |

　　　　After his deadline to serve Defendants passed, Plaintiff Emile Bouari moved to extend the deadline for service. (ECF No. 10). After his complaint was filed on November 29, 2021, Plaintiff had until February 27, 2022 to serve Defendants under Federal Rule of Civil Procedure 4(m). (ECF No. 8). Summonses were returned executed for Defendants Troy Eid, Kimberly Frayn, Dennis Lao, Charles Ro, and Paul Padda on December 21, 2021. (ECF No. 9). On March 22, 2022, Plaintiff moved to extend the February 27, 2022 deadline to serve the remaining Defendants. (ECF No. 10). No Defendants responded to the motion.

　　　　Plaintiff explains that he retained a process server to help with service but, "within a few days of receiving the paperwork, the Process Server caught COVID and was bed ridden for weeks. The Process Server is now back at work and is able to resume his process services." (*Id.*). Plaintiff requests six weeks from March 11, 2022 for Plaintiff to serve all Defendants. (*Id.*).

　　　　Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for the failure to serve a defendant within ninety days after the complaint was filed, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Under Local Rule IA 6-1, "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file a motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a). The court liberally construes *pro se* filings. *See Hebbe v.*

*Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Additionally, the failure of a party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. LR 7-2(d).

The Court grants Plaintiff's request for an extension. However, it notes that Plaintiff's good cause is questionable and excusable neglect underdeveloped. Plaintiff does not provide the dates on which his process server was bedridden or when the process server was able to return to work. Nor does he explain why he did not use a different process server or move to extend the deadline before it expired. Nonetheless, liberally construing Plaintiff's motion, the Court finds that he has only just met the good cause and excusable neglect standards. Additionally, none of the served Defendants have opposed Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend the service deadline is **granted.** Plaintiff shall have until **Tuesday, May 10, 2022** to accomplish service on Defendants.

DATED: March 29, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE