UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE BOUARI,<br><br>　　　　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-1974-APG-DJA<br><br>**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT**<br><br>[ECF Nos. 26, 29] |

　　　　Plaintiff Emile Bouari moves for entry of default judgment against defendants Troy Eid and Carol Ann Chaney. ECF Nos. 26, 29.

　　　　Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek entry of default judgment under Rule 55(b).

　　　　Here, there has been no entry of default against Eid or Chaney. Therefore, Bouari's motions for default judgment are premature and must be denied.

　　　　In addition, it does not appear that Bouari has properly served Eid or Chaney. Bouari apparently attempted to serve Eid at the F.B.I.'s office in Las Vegas (ECF No. 9 at 4) and at the Denver law firm where Eid now works (ECF No. 24). Neither of those locations is appropriate for service under Federal Rule of Civil Procedure 4(e). To the extent Bouari asserts claims against Eid in his individual or official capacity for actions he took as an Assistant United States

Attorney, Bouari must also comply with Federal Rule of Civil Procedure 4(i), and Eid would be entitled to respond to the complaint within the deadline set in Federal Rule of Civil Procedure 12(a)(2) or (3).

As for Chaney, the Affidavit of Service on file is incomplete. ECF No. 21. Thus, it is unclear whether Chaney was properly served.

I THEREFORE ORDER that plaintiff Emile Bouari's motions for entry of default judgment **(ECF Nos. 26, 29) are denied without prejudice**.[1]

DATED THIS 3rd day of October, 2022.

                                                              _____
                                                              Andrew P. Gordon
                                                              UNITED STATES DISTRICT JUDGE

---

[1] At the end of his reply brief, Bouari requests additional time to serve the defendants. ECF No. 31 at 5-6. That request must be filed as a separate motion. *See* Local Rule IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").