UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE BOUARI,<br><br>            Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>            Defendants. | Case No. 2:21-cv-1974-APG-DJA<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS**<br><br>[ECF No. 12] |

Plaintiff Emile Bouari alleges he was the victim of a wide conspiracy—carried out by F.B.I. agents, government attorneys, private attorneys and investigators, and his ex-wife—to prosecute him for federal crimes. ECF No. 8. Defendants Jason Hahn and Paul Padda (collectively, Padda) move to dismiss the charges against them as untimely and because Bouari failed to exhaust his administrative remedies before bringing his Federal Tort Claims Act (FTCA) claims. ECF No. 12. Bouari failed to exhaust his administrative remedies regarding his FTCA claims, and some of Bouari's claims are time-barred. But some of his claims are timely, so I grant Padda's motion only in part.

**Bouari's FTCA claims are barred because he failed to exhaust his administrative remedies.**

Bouari asserts five claims under the FTCA. *See* ECF No. 8 at 17-22 (Counts Seven through Eleven). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). That means a plaintiff must present his claims to the appropriate administrative agency before filing a lawsuit on those claims. And those claims must be presented within two years of their accrual. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred

unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Padda contends that Bouari failed to exhaust his administrative remedies. ECF No. 12 at 3-4. Bouari did not respond to this argument. Nor has he offered any evidence that he exhausted his administrative remedies. I therefore dismiss his FTCA claims without prejudice.

**Some of Bouari's claims against Padda were not timely filed.**

Padda next argues that all of Bouari's claims are time-barred by the applicable statute of limitations. Bouari's complaint is confusing, making this analysis difficult. Each of Bouari's Counts One through Six lumps together various allegations and claims under titles that reference more than one legal claim. *See* ECF No. 8 at 11-16. For instance, Count One is titled "Malicious Prosecution and the Fourth Amendment First Amendment Right to Association." *Id.* at 11. Count Four is titled "Unlawful Detention Denial of Habeas Corpus and Speedy Trial Unlawful Search and Seizure." *Id.* at 14. The allegations supporting both of these claims refer to the investigation, prosecution, and incarceration of Bouari. His other claims similarly allege improper surveillance, investigation, prosecution, and incarceration but are grouped under different, multiple titles. Thus, it is difficult to assess which allegations support which claims and when the limitation periods began for each.

Adding to the confusion, Bouari's Counts Five and Six are titled as claims under 42 U.S.C. §§ 1983 and 1985. ECF No. 8 at 15-16. Counts One through Four do not refer to those statutory sections, but they are properly interpreted as asserting claims under either § 1983 (applicable to state actors) or *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) (applicable to federal actors). Indeed, Bouari writes that his lawsuit "is an action for money damages, declaratory and injunctive relief brought . . . pursuant to 42 U.S.C. § § 1983, 1985(3)

and 1988, the 4th, 5th, 6th and 14th Amendments." *Id.* at 10 ¶ 40.[1]  In the next paragraph, Bouari writes that the "wrong doing by Federal agents gives rise to this implied cause of action, brought . . . pursuant to *Bivens* . . . ." *Id.* at 11 ¶ 41.[2]  Bouari does not segregate his § 1983 claims from his *Bivens* claims.  Although confusing, for purposes of deciding Padda's motion it is irrelevant whether Bouari's non-FTCA claims are based on *Bivens* or §1 983 because the same limitation period applies.

"[A]ll § 1983 suits must be brought within a State's statute of limitations for personal injury actions." *Nance v. Ward*, 142 S. Ct. 2214, 2225 (June 23, 2022) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  Claims under § 1985(3) and *Bivens* are also governed by the state's limitation period for personal injury claims. *Rogers v. Barkin*, 20 Fed. Appx. 630, 631 (9th Cir. 2001) (§ 1985(3) claims); *Van Strum v. Lawn*, 940 F.2d 406, 409-10 (9th Cir. 1991) (*Bivens* claims).  The relevant Nevada statute imposes a two-year limitation period on personal injury lawsuits. Nev. Rev. Stat. §11.190(4).  "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (simplified).

Padda argues that all of Bouari's claims are time-barred because they are based on actions that occurred before October 27, 2019 (that is, more than two years before Bouari filed this case).  However, Padda is incorrect that all of Bouari's claims accrued by the date of his January 23, 2016 indictment. ECF No. 16 at 5.  Some of Bouari's claims accrued later.

---

[1] *See also id.* at 4 ¶ 18 (alleging the defendants "were in whole or in part, acting under color of state law and are therefore subject to section 1983").

[2] *See also id.* at 4 ¶ 17 (alleging the defendants were "acting under the color of laws, statutes, ordinances, regulations and rules of the UNITED STATES OF AMERICA").

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Yasin v. Coulter*, 449 F. App'x 687, 689 (9th Cir. 2011) (simplified). *See also Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). In deciding Padda's motion, I must determine when each of Bouari's claims accrued. Because the titles for Bouari's claims are confusing, I will analyze the underlying legal theory for each and re-group them accordingly.

Counts One, Two, Three, and Five allege that the defendants improperly investigated and prosecuted him. ECF No. 8 at 11-17. I interpret these as claims for malicious prosecution. That claim "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019). The criminal case against Bouari was dismissed on January 23, 2020,[3] so his claims for malicious prosecution accrued then. He filed this lawsuit on October 27, 2021, so these claims are timely.

Counts One, Three, and Four also assert claims for unlawful search and seizure. "In a traditional Fourth Amendment case, the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017). *See also Yasin*, 449 F. App'x at 689 (Fourth Amendment claim "accrued on the date of the searches and the arrest"); *Pearce v. Romeo*, 299 F. App'x 653, 655 (9th Cir. 2008) ("An injury from an illegal search and seizure accrues when the act occurs."). Thus, most

---

[3] *See* Order dated January 23, 2020 entered in *United States v. Bouari*, 2:16-cr-00032-JCM-EJY at ECF No. 228.

of these claims accrued when he was seized on February 8, 2016. Because he filed these claims more than two years later, they are time-barred.

However, one of Bouari's search and seizure claims may be timely. In Count Three, he alleges that "[b]efore and after his arrest, Plaintiff was illegally surveilled by the defendants and recorded without his consent or knowledge." ECF No. 8 at 13 ¶ 53. This suggests that Bouari is basing part of this claim on events that occurred after he was released from custody, which appears to be within the two-year limitation period. Because it is not clear what specific actions Bouari is referring to—and when they occurred—I cannot determine from the face of the complaint that this claim is time-barred. I will deny the motion to dismiss as to this portion of the claim.

Counts One and Four assert claims of unlawful detention or wrongful incarceration. "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. *See also Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993) ("Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful act."). Thus, the accrual date for a wrongful arrest claim is when the defendant appears before the magistrate judge and is bound over for trial, as that is when the "legal process" begins. *Wallace*, 549 U.S. at 397. Bouari was arrested and made his initial appearance on February 8, 2016,[4] so his unlawful detention claims accrued then. Because he filed this lawsuit more than two years later, these claims are time-barred.

---

[4] *See* Arrest Warrant entered in *United States v. Bouari*, 2:16-cr-00032-JCM-EJY at ECF No. 13; Minutes of Proceedings dated February 8, 2016 entered at ECF No. 17.

Count Two asserts that the defendants violated Bouari's equal protection and due process rights under the Fourth and Fifth Amendments by investigating, prosecuting, and detaining him "based on impermissible racial and ethnic factors . . . ." ECF No. 8 at 12-13. A "plaintiff may prevail on a 'direct' equal protection claim against non-prosecutors by proving that the defendant purposefully caused the [government] to institute proceedings against the plaintiff because of his race or ethnicity." *Yasin*, 449 F. App'x at 690. Padda's motion does not argue when Bouari became aware that Padda caused the government to prosecute Bouari, and I cannot determine that from the complaint. Therefore, I cannot find that this claim is time-barred, so I will deny this part of the motion to dismiss.

Count Six asserts a civil conspiracy claim under 42 U.S.C. § 1985(3). ECF No. 8 at 16. "Ordinarily, a cause of action for conspiracy to deny civil rights accrues on the date of the last overt act." *1120 Cent. Condo. Owners Assn v. City of Seal Beach*, 59 F.3d 174 (9th Cir. 1995). *See also Pearce*, 299 F. App'x at 655 (9th Cir. 2008) ("For a § 1983 conspiracy claim, accrual is determined by the last overt act doctrine, under which injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy.") (simplified). Most of the actions Bouari alleges for his conspiracy claim occurred before or on the date he was arrested, and thus are time-barred. *See* ECF No. 8 at 16-17.[5]

But Bouari also alleges in Count Six that Padda and Bouari's ex-wife "conspired to show [Bouari] in a False Light, and entered a perjerious (sic) Declaration in order to gain leverage in divorce proceedings with" Bouari. *Id.* at 17 ¶ 69. Bouari offers no further detail and does not

---

[5] Counts Four and Six also allege Bouari "did not have effective counsel where his Speedy Trial and Due Process Rights were violated by waiving his Rights to a Speedy Trial . . . ." *Id.*; *see also Id.* at 14. But Bouari has not sued his trial counsel and he has not alleged how the defendants were involved in these acts. I therefore do not consider this allegation in determining the accrual date of those claims.

6

state when that occurred, so it is unclear whether that was an overt act that marks the accrual date of the conspiracy claim. Because I cannot determine when the last overt act occurred, I cannot dismiss Bouari's conspiracy claim as a matter of law.

In summary, the statute of limitations bars Bouari's claims for unlawful detention or wrongful incarceration and his claims for unlawful search and seizure and conspiracy that occurred before he was arrested. Bouari argues that the limitation period for these claims should be equitably tolled because of the Covid-19 pandemic. ECF No. 17 at 19-20. But these claims accrued no later than when he was arrested (February 8, 2016) and the limitation period expired in February 2018, well before the pandemic started. Thus, equitable tolling does not save these claims.

And even if equitable tolling applied, Bouari offers nothing to show what he did to diligently pursue his claims before or during the pandemic. *See Smith v. Davis*, 953 F.3d 582, 588 (9th Cir.), cert. denied, 141 S. Ct. 878 (2020) ("A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Nor does Bouari explain why he could not investigate, prepare, and file his claims sooner. That is insufficient. Under this record, Bouari is not entitled to equitable tolling of the limitation period governing his claims. I will dismiss these claims as untimely.

Because Bouari is a pro se plaintiff, and because I may have misinterpreted the claims he intends to assert, I will grant him leave to amend his complaint, if he can appropriately plead claims that are not time-barred. If he files an amended complaint, he should not lump his claims together as he did in his original complaint. Rather, he should be clear as to which facts support which claims against which defendants.

I THEREFORE ORDER that the Padda defendants' motion to dismiss **(ECF No. 12) is granted in part**.  I dismiss Counts Seven through Eleven of the complaint against Paul Padda and Jason Hahn because plaintiff Emile Bouari did not exhaust his administrative remedies as required under the Federal Tort Claims Act.

I FURTHER ORDER that Bouari's claims against Hahn and Padda for unlawful detention or wrongful incarceration, and for unlawful search and seizure and conspiracy that occurred before he was arrested, are dismissed without prejudice.

I FURTHER ORDER that Bouari may file an amended complaint if he can appropriately plead claims that are not time-barred.  Bouari should be specific as to what allegations and legal theories support each of his claims.  And his claims should not be lumped together as they are in the present complaint.  Bouari may file an amended complaint by October 31, 2022.  If he does not do so, the case will proceed on the remaining claims as pleaded.

DATED THIS 3rd day of October, 2022.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE