# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Emile Bouari, | Case No. 2:21-cv-01974-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| United States of America, et al., | |
| Defendants. | |

Before the Court are Plaintiff Emile Bouari's motion to enlarge time to serve Defendant Michel Ben Amar and to serve Amar by publication (ECF No. 36) and motion to amend his complaint (ECF No. 37).  Because the Court finds that Plaintiff does not show excusable neglect for missing the deadline to serve Amar, the Court denies Plaintiff's motion.  (ECF No. 36).  Because the Court finds that Plaintiff has failed to attach a proposed pleading to his motion to amend, it denies his motion to amend without prejudice and gives him additional time to file an amended complaint.  (ECF No. 37).

**I.   Discussion.**

    ***A.   The Court denies Plaintiff's motion to enlarge time for service.***

The Rule 4(m) deadline for Plaintiff to serve Defendants ran on February 27, 2022.  (ECF No. 8).  After the deadline, Plaintiff moved to extend.  (ECF No. 10).  The Court granted Plaintiff's motion, but noted that

> Plaintiff's good cause is questionable and excusable neglect underdeveloped.  Plaintiff does not provide the dates on which his process server was bedridden or when the process server was able to return to work.  Nor does he explain why he did not use a different process server or move to extend the deadline before it expired.  Nonetheless, liberally construing Plaintiff's motion, the Court finds that he has only just met the good cause and excusable neglect standards.

(ECF No. 11).

In that order, the Court gave Plaintiff until May 10, 2022 to complete service. (*Id.*). That date passed without Plaintiff moving to extend it. On October 7, 2022, the Clerk of Court entered a notice of intent to dismiss Amar from this action because a proof of service had not been filed as to him. (ECF No. 35). The notice required that proof of service be filed as to Amar before November 6, 2022 and explained that "[s]ervice on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period." (*Id.*).

On November 11, 2022, Plaintiff filed his motion to enlarge time under Rule 4(m) to serve Amar and to serve Amar via publication. (ECF No. 36). But, while Plaintiff asserts that he has attempted service unsuccessfully, he provides no date on which he attempted service and no proof that service was unsuccessful other than a screenshot of an email from a process server. (*Id.* at 1-5, 12). Nor does Plaintiff provide excusable neglect for missing the deadline, despite the Court's previous explanation that his excusable neglect was tenuous. These deficiencies also mean that Plaintiff fails to explain why he is entitled to serve Amar by publication. The Court thus denies his motion to enlarge the time for service. (ECF No. 36).

### B. The Court denies Plaintiff's motion to amend complaint.

Plaintiff's motion to amend his complaint is deficient because it does not attach a proposed amended pleading as required by Local Rule 15-1(a). The Court thus denies Plaintiff's motion to amend without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to enlarge the service deadline (ECF No. 36) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend complaint (ECF No. 37) is **denied without prejudice.** Plaintiff shall have until **November 18, 2022** to file an amended complaint.

DATED: November 7, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE