UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE BOUARI, | Case No.: 2:21-cv-01974-APG-DJA |
| Plaintiff, | **Order (1) Granting Motion to Dismiss and (2) Denying Motion for Hearing** |
| v. | |
| UNITED STATES OF AMERICA, et al., | [ECF Nos. 43, 55] |
| Defendants. | |

Plaintiff Emile Bouari alleges he was the victim of a wide conspiracy carried out by F.B.I. agents, government attorneys, private attorneys and investigators, and his ex-wife to prosecute him for federal crimes. ECF No. 8.  I previously granted a motion to dismiss Bouari's original complaint filed by defendants Jason Hahn and Paul Padda (collectively, Padda), with leave to amend. ECF No. 34.  Bouari filed an amended complaint. ECF No. 40.

Padda again moves to dismiss, arguing that the amended complaint is difficult to understand and does not give sufficient notice of what Bouari's claims are, who they are against, and on what grounds.  Alternatively, Padda argues the civil conspiracy claim fails because it is untimely and does not plausibly allege any facts in support.  Padda contends the false arrest claim fails because it is untimely, as I already ruled in relation to the original complaint.  Padda asserts that the malicious prosecution claim fails because he is a private citizen and there are no plausible allegations to suggest that the U.S. Attorney's decision to prosecute Bouari was not independent.  Finally, Padda argues the selective prosecution claim fails because it is untimely.

Bouari responds that he has adequately identified who he is suing and for what conduct, and that he has pleaded facts showing that all defendants "share[] a nexus" with Padda. ECF No.

45 at 3.  Bouari requests that I take judicial notice of news articles and a podcast for the timeline and facts.  He separately moves for a hearing regarding his request for judicial notice.[1]

I grant the motion to dismiss because Bouari's amended complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Federal Rule of Civil Procedure 8(a).  The amended complaint's allegations are not clear, and rather than plead facts supporting his claims in the amended complaint, Bouari appears to attempt to incorporate by reference his response to the previous motion to dismiss, various exhibits, news articles, and a podcast. ECF No. 40 at 3-4, 6-9, 20.  Additionally, Bouari includes multiple lengthy law statements in his amended complaint. *Id.* at 10-20.  I therefore dismiss it.  However, I will grant Bouari one final attempt to properly allege timely claims.

The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (stating that "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect").  Thus, Bouari cannot simply refer to his original complaint or any other filing in this case.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

Bouari is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[1] The request for hearing also discusses Bouari's attempts to serve defendant Troy Eid. ECF No. 55.  I have dismissed Bouari's claims against Eid for failure to timely serve Eid.  Nothing in Bouari's motion changes the fact that Bouari has not served the United States as required to properly serve Eid.

Exhibits do not substitute for factual allegations in the complaint, so Bouari cannot simply refer to exhibits instead of pleading his claims.  When claims are alleged against multiple defendants, the complaint must clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Bouari should specifically identify each defendant and support each claim with factual allegations about each defendant's actions.  If multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.  The amended complaint should not include lengthy repetitions of statutes, rules, case law, or other filings in this case.

Finally, Bouari cannot rely on newspaper articles or podcasts to substitute for factual allegations when he amends.  I deny his request for judicial notice and his motion for a hearing because although I could take judicial notice of the fact that certain newspaper articles were published or that a podcast was produced, I cannot take judicial notice of the alleged facts within the podcast or articles. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (quotation omitted)).

I THEREFORE ORDER that the Padda defendants' motion to dismiss **(ECF No. 43) is GRANTED**.

I FURTHER ORDER that Bouari may file an amended complaint if he can appropriately plead claims that are not time-barred.  Bouari may file an amended complaint by September 29, 2023.  If he does not do so, his claims in the first amended complaint will remain dismissed without prejudice and I will close this case.

I FURTHER ORDER that plaintiff Emile Bouari's motion for hearing **(ECF No. 55) is DENIED**.

DATED THIS 23rd day of August, 2023.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE