1     **UNITED STATES DISTRICT COURT**

2     **DISTRICT OF NEVADA**

3  EMILE BOUARI,                                   Case No.: 2:21-cv-01974-APG-DJA

4       Plaintiff                                  **Order Granting Defendants' Motion to Dismiss**

5  v.                                              [ECF No. 70]

6  UNITED STATES OF AMERICA, et al.,

7       Defendants

8          Emile Bouari alleges that he was the victim of a wide conspiracy carried out by F.B.I.

9  agents, government attorneys, private attorneys and investigators, and his ex-wife to prosecute

10 him for federal crimes. ECF Nos. 8, 40, 69.  Bouari filed a Second Amended Complaint (SAC)

11 after I previously dismissed his original complaint and his First Amended Complaint (FAC) for

12 various reasons.  Defendants Paul Padda and Jason Hahn move to dismiss the SAC for failure to

13 state a claim, arguing that it "is difficult to discern from the rambling and incongruous narrative

14 provided by Plaintiff what his legal claims actually are." ECF No. 70 at 3.  Padda and Hahn

15 argue that Bouari does not identify any causes of action nor reference any law as the basis of his

16 claims, so he has not put them on notice as to what claims he is asserting against them.

17         Bouari responds that his pleadings state with specificity what roles the defendants played

18 in the alleged conspiracy and that he suffered constitutional injury as a result of the defendants'

19 actions.  He also contends that he implemented my feedback from a prior order by not including

20 any "case laws, statu[t]es, or long dissertations" in the SAC. ECF No. 72 at 3.

21         I grant Padda and Hahn's motion to dismiss.  Federal Rule of Civil Procedure 8 requires

22 Bouari to include in his complaint "a short and plain statement of the claim" which shows that he

23 "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds

1 upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).

2 And he must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.*

3 at 556.  The allegations he makes in his complaint "must be simple, concise, and direct." Fed. R.

4 Civ. P. 8(d)(1).

5      In his SAC, Bouari does not identify what claims he is bringing, nor does he explain them

6 in a short and plain statement or support them with factual allegations.  As a result, he does not

7 put the defendants on fair notice of the claims he is bringing against them.  I therefore grant the

8 defendants' motion to dismiss because the SAC does not comply with Rule 8's requirements.

9      Because Bouari is proceeding *pro se*, I will give him one last opportunity to amend his

10 complaint; however this will be his last chance to amend.  Thus, I urge Bouari to refer to his

11 prior complaints, this order, and my two previous orders dismissing his complaints in crafting his

12 third amended complaint (TAC), should he choose to do so. *See* ECF Nos. 8; 34; 40; 63.  The

13 TAC should implement the feedback contained in these two previous orders, as well as the

14 feedback I include below.

15      First, the TAC needs to clearly identify which claims Bouari is bringing against these

16 defendants.  In a previous order, I identified the claims I believed Bouari was making. ECF No.

17 34 at 4-7.  I told Bouari that in an amended complaint he should clearly and specifically identify

18 the claims he brings against the defendants. *Id.* at 7.  Bouari did not do this in his SAC.  If Bouari

19 chooses to file a TAC, I urge him to review my previous order and use it to help him clearly and

20 specifically identify the claims that he is making.  He must also describe these claims in a short

21 and plain statement that includes sufficient factual detail to show that he is plausibly entitled to

22 relief.  He should pay particular attention to the claims I identified as time-barred and not raise

23 those claims in his TAC. *Id.* at 4-7.

1    I also urge Bouari to identify the specific legal sources of the claims he is making,

2 whether state or federal law, in order to give the defendants fair notice of the claims he is

3 bringing against them.  For example, in his SAC, Bouari states that he "suffer[ed] immense

4 constitutional injuries of various dimensions."  This does not sufficiently identify the basis of the

5 claim (e.g., violation of the U.S. Constitution's Equal Protection Clause) and how the defendants

6 committed the violation.  Bouari indicated in his response that he did not include any law or

7 statutes because my prior order stated that the "multiple lengthy law statements" in his FAC did

8 not state a claim. ECF Nos. 63 at 2; 72 at 3.  But by not including any law or statutes in his SAC,

9 he fails to put the defendants on notice of what claims he is bringing.  In his TAC, Bouari should

10 identify the legal basis of the claim but not include pages of lengthy rule paragraphs like he

11 included in his FAC.  Additionally, Bouari should keep in mind that if he is alleging only

12 Nevada constitutional, statutory, or common law claims, there would be no federal question

13 presented in his complaint, and I would likely not have jurisdiction to hear his claims. *See*

14 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

15    The SAC asserts claims against a variety of defendants that are no longer parties to this

16 suit.  The TAC should reflect that only two defendants remain in this case—Padda and Hahn—

17 and specify which claims Bouari brings against which of them.  However, the TAC can and

18 should refer to individuals other than Padda and Hahn, including former parties, to the extent

19 necessary to explain and support the claims he is asserting against Padda and Hahn.

20    Finally, the TAC must be a complete document in and of itself and will supersede the

21 original complaint, the FAC, and the SAC in their entirety.  Once Bouari files the TAC, these

22 prior complaints will be treated "as non-existent." *Ramirez v. Cnty. Of San Bernadino*, 806 F.3d

23 1002, 1008 (9th Cir. 2015) (quotation omitted).  "In other words, the [previous] pleading[s] no

3

longer perform[] any function." *Id.* (quotation omitted).  Bouari must include all claims he wishes to bring, and the facts and law that support them, in the TAC if he wishes for me to consider them.

I THEREFORE ORDER the defendants' motion to dismiss **(ECF No. 70) is granted**.

I FURTHER ORDER that Bouari may file an amended complaint by June 30, 2024.  If he does not do so, his claims in the second amended complaint will remain dismissed without prejudice and I will close this case.

DATED this 3rd day of June, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE